**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| JAVONTE MANTREZ DAVIS | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 3:26-cv-499 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| TENNESSEE DEPARTMENT OF TREASURE, *et al.*, | ) | Magistrate Judge Poplin |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Javonte Mantrez Davis, a prisoner housed in the Morgan County Correctional Complex ("MCCX"), is proceeding pro se on a civil rights complaint under 42 U.S.C. § 1983 and the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)[1] [Doc. 2]. Plaintiff has filed a motion for leave to proceed *in forma pauperis* in this action [Doc. 1]. For the reasons set forth below, the Court determines that this motion should be **DENIED** and this action **DISMISSED WITHOUT PREJUDICE** as to Plaintiff's ability to pay the filing fee and reinstate this case.

## I. LAW AND ANALYSIS

The resolution of Plaintiff's motion to proceed *in forma pauperis* is guided by what is commonly referred to as the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed

[1] *Bivens* extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."), *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003).

as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff filed the instant action, at earliest, when he purportedly signed his complaint on October 7, 2026. [Doc. 2, at 8–9]. By this time, Plaintiff had previously filed at least three cases as a prisoner that were dismissed for failure to state a claim upon which relief may be granted. *See Davis v. Hamilton Cnty. Cts.*, No. 3:26-cv-452 (E.D. Tenn. Sept. 24, 2026) (dismissal for failure to state a claim); *Davis v. Phillips*, No. 3:26-cv-177 (E.D. Tenn. May 5, 2026) (same); *Davis v. Tenn. Dep't of Corr.*, No. 3:22-cv-451 (E.D. Tenn. Mar. 7, 2023) (same). These cases demonstrate that Plaintiff has abused his *in forma pauperis* privileges under the PLRA. Therefore, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

To avail himself to the "imminent danger" exception under § 1915(g), Plaintiff's complaint must contain "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). It applies where a court, "informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed his complaint. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citation omitted).

Plaintiff's complaint does not allege that he is in imminent danger of serious physical injury. Instead, he complains that Defendants' actions merely deprived him of property. [*See generally* Doc. 2]. Therefore, under the circumstances presented, Plaintiff is not entitled to the

emergency intervention envisioned by the three-strikes exception to the PLRA.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] is **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

Finally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**